UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRICIA L. McMULLEN, | ) | CASE NUMBER 1: 12 CV 2140 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| THE RESERVES NETWORK, INC., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Compel Plaintiff's Medical Releases and unredacted copies of her personal calendar (ECF #10) and Plaintiff's Motion for a Protective Order quashing Defendant's subpoena to Plaintiff's current employer. (ECF #11).

Plaintiff filed this action against her former employer The Reserves Network, Inc. ("Reserves") alleging that she was wrongfully terminated after she returned from FMLA leave. Specifically, she alleges claims of FMLA interference and retaliation; Gender Discrimination on the basis of pregnancy; Gender Discrimination on the basis of pregnancy/Hostile Work Environment, Disability/Perceived Disability Discrimination; Disability Discrimination/Hostile Work Environment; and Retaliation all in violation of various federal and Ohio statutes. Plaintiff's alleged damages include pain, suffering and emotional distress.

Defendant asserts that it has attempted to identify and secure medical releases from Plaintiff for all persons responsible for treating her since 2008 in order to evaluate her claims of emotional distress. During that process Plaintiff identified one treating physician, Dr. James Chillcott but refused to execute a medical release. Through additional non-privileged discovery, Defendant claims to have discovered numerous other treating professionals for the time period

from 2008 to the present which Plaintiff never identified. Plaintiff apparently offered to provide medical records which solely related to Plaintiff's depression/stress/anxiety since 2008 and her miscarriage. However, Defendant counters that it is entitled to all of Plaintiff's 2008-present medical records from all providers in order to show alternate causes for the claimed emotional distress, pain and suffering.

It is well settled that a plaintiff waives any privilege by putting her medical or mental condition at issue. That waiver includes making distress claims in an employment discrimination lawsuit. *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007); *White v. Honda of Am. Mfg.*, 2008 U.S. Dist. LEXIS 112102 (S.D. Ohio 2008). Given Plaintiff's claims in this case which put her physical and mental health at issue, it is clear that she must sign medical releases for all of her providers. Plaintiff asks that if she is required to sign such releases, that such records not be sent to Defendant but to a neutral third party for in camera review. After review, any relevant records could be forwarded to Defendant. This step is unnecessary as it has long been the practice of federal courts to direct plaintiffs to provide authorizations so that defense counsel may obtain pertinent records directly from health care providers. *Mintz v. Morningside Recovery, LLC*, Case No. 1:12 CV 1066, Docket #13 (N.D. Ohio Oct 23, 2012); *White v. Honda of Am. Mfg*, 2008 U.S. Dist. LEXIS 112102 (S.D. Ohio Dec. 31, 2008). Accordingly, Plaintiff is ordered to sign releases for all of her providers from 2008 to the present. As both parties agree that any such production be limited to attorneys' eyes only, it is further ordered that the production of all medical records will be subject to an "attorneys' eyes only" protective order.

Defendant also seeks discovery of Plaintiff's unredacted calendar. Plaintiff asserts that

her personal calendar contains private and/or privileged information that is not relevant to this action such as information protected by the attorney client privilege, medical information about her son and family birth dates. Defendant counters that medical information regarding her son contained in her calendar is not privileged because "medical information" is not privileged, only doctor-patient communications" are privileged under R.C. § 2317.02(B)(1).  Further, Plaintiff did not object to the production of her calendar on the basis of privilege.  Defendant notes that Plaintiff discussed her son's condition in her FMLA documents, in conversations with Defendant's customers, and in texts to a co-worker, thus waiving any arguable privilege. More importantly, Defendant asserts that it is entitled to defend against Plaintiff's emotional distress claim by showing other causes for her distress, such as her son's varied problems and issues. Defendant states that it has no interest in calendar entries containing attorney client communications.  Further, it has not specifically objected to the concealment of family birth dates.  Plaintiff is ordered to produce to Defendant an unredacted copy of her personal calendar subject to the following exceptions: (1)  Plaintiff shall log any entries she considers to be subject to the attorney client privilege and redact such entries, and (2)  Plaintiff may also redact family birthdays. Otherwise the calendar shall be produced in full.

The last issue before the Court is Plaintiff's Motion for a Protective Order seeking to quash the record subpoena to Plaintiff's current employer. Plaintiff asserts that prior to the issuance of the subpoena, Plaintiff provided Defendant with all relevant information regarding her current employment and had agreed to seasonably supplement her production as additional information regarding her wages became available. Plaintiff asserts that Defendant issued the subpoena solely to prejudice the relationship between Plaintiff and her new employer.

Defendant submits that it was the understanding of the parties that Plaintiff would get the first opportunity to provide the records from her new employer that Defendant had requested including full pay stubs, her W-2, her job application, her letter/notice of hiring, including start date, job title, compensation, benefits and terms of employment, any letter and materials or resume submitted by Plaintiff with her job application, benefit election forms and the posting/description of her job.  If Plaintiff were unable to secure these documents, then Defendant would subpoena the new employer.   Plaintiff submitted a few documents but did not produce her job application, any offer letter/notice of hiring, or any job posting/job description. Plaintiff claimed that she did not have a copy of the application because it was completed online and that no written offer of employment exists. After some back and forth between counsel, Plaintiff agreed to produce missing pages regarding her benefits and found a print out of her online profile that she used to apply for her position.  Apparently the profile is saved and can be used to apply for other positions at a later time. While Plaintiff supports her Motion for a Protective Order with her Affidavit that states the application she produced to Defendant was "a true and accurate copy of my current 'online profile' at Lowe's", Defendant's research into the Lowe's application process discovered that Lowe's asks online applicants whether they have been discharged from other jobs (and if so why), whether they have any prior criminal convictions, and includes a certification of truth and accuracy.  All of these elements were missing from the online profile produced by Plaintiff.  Accordingly, Defendant asserts that the only way to get complete and accurate records is to get them directly from Lowe's.

      Defendant issued a subpoena to Plaintiff's employer Lowe's to obtain Lowe's records after exhausting its efforts to get the records from Plaintiff. The subpoena was addressed to

Lowe's Ohio service agent, instead of Lowe's Ashtabula store where Plaintiff works, to minimize the chance that anyone in Ashtabula knows about the subpoena.

Defendant asserts that Plaintiff has no standing to object to a subpoena to a non-party. Generally, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought. *Griffiths v. Ohio Farmers Ins. Co.*, 2010 WL 2639918 at *1 (N.D. Ohio June 29, 2010); *Mann v. University of Cincinnati*, 1997 WL 280188 at *4 (6th Cir. May 27, 1997); *Donahoo v. Ohio Dept. of Youth Services*, 211 FRD 303, 306 (N.D. Ohio 2002)("the law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty.")

However, with respect to personnel files of subsequent employers, a plaintiff has a limited right to object to disclosure of any sensitive, private information such as his Social Security number, familial matters, earnings, credit history, and medical information. *Johnson v. Guards Mark Security,* 2007 WL 1023309 (N.D. Ohio March 31, 2007). Defendant states that it has no interest in Plaintiff's credit history, and will modify the subpoena so that Lowe's does not produce any credit history, if such information even exists in the personnel file. Beyond the credit history, however, Defendant is correct in arguing that Plaintiff has waived any interest in her earnings history by making a claim for economic damages, and any interest concerning familial matters or medical records (assuming that Lowe's would produce any medical records without a release) by making a claim for emotional damages. Accordingly, Plaintiff has no unwaived personal interest in Lowe's personnel records.

While the Court is cognizant of the potential prejudicial effect a subpoena to a current employer could have on a plaintiff, this Plaintiff was given ample opportunity to provide the

5

records requested by Defendant but chose instead to misrepresent and conceal the information. As such, Defendant should not be required to trust Plaintiff's production.

Finally, after reviewing both parties arguments regarding the relevancy of the requested documents, the Court finds that the request is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  As such, Plaintiff has failed to meet her burden to quash the subpoena.  Accordingly, Plaintiff's Motion for a Protective Order to Quash the Subpoena to her current employer is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel (ECF #10) is GRANTED and Plaintiff's Motion for a Protective Order (ECF #11) is DENIED.

IT IS SO ORDERED.

          __/s/Donald C. Nugent_____
          DONALD C. NUGENT
          UNITED STATES DISTRICT JUDGE

DATED:___January 31, 2013_____